IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CONSTANTINO CUARA R., <br><br> Plaintiff, <br> v. <br> LDS CHURCH, et al., <br><br> Defendants. | ORDER GRANTING IFP AND RECOMMENDATION FOR DISMISSAL <br><br> Case No. 2:22-cv-00769-CMR <br><br> Magistrate Judge Cecilia M. Romero |

Before the court is Plaintiff Constantino Cuara R.'s (Plaintiff) application to proceed without prepayment of fees under 28 U.S.C. § 1915 (ECF 1). Independent of Plaintiff's application, and pursuant to Local Rule 3-2(b), the undersigned recommends that the court dismiss the complaint as frivolous and failing to state a claim upon which relief may be granted.[1]

### I.   Motion to Proceed Without Prepayment of Fees

Plaintiff asks the court to allow him to proceed with his action without paying the required filing fee and other costs associated with litigation (commonly called proceeding in forma pauperis or IFP). The court may grant the plaintiff's request if he or she submits an affidavit describing their assets and the court finds that he or she is unable to pay the filing fee. *See* 28 U.S.C. § 1915. In assessing a request to proceed IFP, the court should consider whether the plaintiff can pay the costs associated with litigation and still "be able to provide [himself and his dependents] with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotations omitted). As part of its evaluation under the statute, the court must also consider the viability of his claims. If the court determines that the complaint is

---

[1] Because Plaintiff is acting pro se, the court construes his pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

frivolous, malicious, or fails to state a claim upon which relief may be granted, it must be dismissed. *See* 28 U.S.C. § 1915(e).

Having reviewed Plaintiff's IFP application, the court finds he lacks the resources to pay the costs associated with this litigation. Therefore, the motion to proceed IFP will be granted.

**II.     The Complaint is frivolous and fails to state a claim upon which relief may be granted.**

On receipt of an IFP application, a magistrate judge may review the complaint and recommend that the action be dismissed pursuant to 28 U.S.C. § 1915(e). *See* DUCivR 3-2(b). Section 1915(e) provides that the court "shall dismiss the case at any time if the court determines" that the action "is frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). The court may dismiss a complaint as frivolous due to either legal or factual shortcomings. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Section 1915(e) "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Id.* at 327. To help facilitate that objective, Section 1915(e) provides the court with power to not only dismiss a claim based on an indisputably meritless legal theory, "but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*

A cause of action is legally frivolous if it alleges the "infringement of a legal interest which clearly does not exist." *See id.*; *see also Sardakowski v. Ivandick*, 653 F. App'x 596, 597 (10th Cir. 2016). A complaint is factually frivolous when its factual allegations are "clearly baseless," a classification encompassing allegations that are fanciful, fantastic and delusional. *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). A complaint fails to state a claim upon which

relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id*.  Plaintiff's *pro se* status does relax the pleading standards some, but it does not eliminate the basic requirements that his complaint contain facially plausible claims.

Plaintiff's pleading contains a host of arbitrary accusations.  These include causes of action under 18 U.S.C. § 1030 against religious organizations for "stolen lands of this country" and "building there[sic] own private banks" (ECF 2 at 4–5).  Plaintiff requests "my government account," "militia government," and "rebuild Latin Catholic church" pursuant to 10 U.S.C. § 246 (ECF 2 at 6).  These are not cognizable claims for relief.  Further, the complaint centers on baseless assertions of harm without any intelligible, factual allegations supporting the claims.  On his Civil Case Cover Sheet, Plaintiff indicated the nature of his suit was for civil rights violations under 42 U.S.C. §§ 1983 and 1985 (ECF 2-1).  However, his complaint fails to provide any factual content that allows the court to reasonably infer that Defendants are liable for any misconduct.

For these reasons, the court should dismiss Plaintiff's complaint as frivolous and for failing to state a claim upon which relief may be granted.

**ORDER AND RECOMMENDATION**

For the aforementioned reasons, the court grants the application to proceed without prepayment of fees.  In addition, consistent with DUCivR 3-2(b) and under § 1915(e), the undersigned recommends that Plaintiff's complaint be dismissed as frivolous and for failing to state a claim upon which relief may be granted.

**NOTICE**

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object.  Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections.  *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).  Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 15 December 2022.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah